UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COLTON M.,

          Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C24-0549-KKE

ORDER AFFIRMING THE
COMMISSIONER'S DECISION

### I.    BACKGROUND

An administrative law judge ("ALJ") denied Plaintiff's applications for Supplemental Security Income and Disability Insurance Benefits on October 4, 2023. Dkt. No. 8 (hereinafter Administrative Record ("AR")) at 21–35. Under the Commissioner's regulations, Plaintiff was required to file a request for Appeals Council review of the ALJ's decision no later than 60 days after he received notice of the ALJ's decision. *See* 20 C.F.R. §§ 404.968(a)(1), 416.1468(a). Plaintiff did not file a request for review until December 27, 2023. AR at 16–17.

On January 4, 2024, the Appeals Council notified Plaintiff that his request was late, and gave him 30 days to show good cause why he did not file his request for review on time. AR at 10–12. On February 20, 2024, the Appeals Council found that because Plaintiff had failed to

1  respond to its notice, he had failed to establish good cause to extend the 60-day deadline. *Id*. at 4.
2  The Appeals Council therefore dismissed Plaintiff's request for review. *Id*.

3      Plaintiff contends the Appeals Council erred in finding that he had not responded to the
4  order to show cause, because his attorney mailed a letter dated February 16, 2024, explaining that
5  the filing deadline had been mis-calendared by a paralegal whose father had recently died. *See*
6  AR at 7. Plaintiff argues here that because he timely submitted an explanation regarding good
7  cause to extend the deadline, the Court should order the Appeals Council to consider his request
8  for review on its merits. Dkt. No. 15.

9      The Court now turns to consider the issue presented in Plaintiff's opening brief, and
10 explains why Plaintiff's argument reflects a misunderstanding of the good-cause deadline imposed
11 by the Appeals Council.

12               **II.    ANALYSIS**

13 **A.    Legal Standards**

14     To exhaust administrative remedies, a claimant must request Appeals Council review of an
15 ALJ's decision on the merits of his or her application(s) for disability benefits. 20 C.F.R. §§
16 404.967–404.981, 416.1467–416.1481; *Smith v. Berryhill*, 587 U.S. 471, 475–76 (2019)
17 (explaining that "claimants must generally proceed through a four-step process before they can
18 obtain review from a federal court[,]" and the fourth step requires a claimant to "seek review of
19 the ALJ's decision by the Appeals Council"). To do so, the claimant must file a written request
20 for review within 60 days after receiving notice of the ALJ's decision, unless the Appeals Council
21 extends that deadline for good cause. 20 C.F.R. §§ 404.968, 416.1468. If a claimant does not file
22 a request for review within the stated period and the Appeals Council does not extend the time for
23

filing for good cause, the Appeals Council will dismiss the request for review. 20 C.F.R. §§ 404.971, 416.1471.

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). An Appeals Council dismissal of a request for review as untimely is a "final decision" subject to judicial review under 42 U.S.C. § 405(g). *Smith*, 587 U.S. at 489. The Court reviews an Appeals Council's dismissal of a request for review for abuse of discretion. *Id*. at 487 n.19.

**B.    Plaintiff Did Not Timely Seek an Extension of the Deadline to Request Appeals Council Review.**

In this case, the Appeals Council allowed Plaintiff 30 days from January 4, 2024, to show good cause for an extension of the deadline to request Appeals Council review. AR at 8–9. Plaintiff's explanation letter is dated February 16, 2024. *Id*. at 7.

Plaintiff's opening brief contends that this letter is timely, based on a misreading of the Appeals Council's letter: the Appeals Council gave Plaintiff 30 days to "send us a statement showing the reason(s) why you did not file the request for review within 60 days." AR at 8–9. It appears that Plaintiff reads the Appeals Council's letter to mean he had 60 days to explain why he did not file his request for review within 60 days, but this is a misreading, as the Commissioner noted. *See* Dkt. No. 17 at 3 ("Plaintiff filed [his] letter 43 days after the Appeals Council issued its January 4 notice, thereby missing the 30-day deadline established by the notice."). Plaintiff did not file a reply brief or offer any other explanation for his untimely attempt to show good cause.

Because Plaintiff missed the deadline to show good cause to extend the deadline to request review, the Appeals Council did not abuse its discretion in finding that Plaintiff had not shown good cause for an extension, thereby dismissing Plaintiff's request for review as untimely.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 3

### III. CONCLUSION

For these reasons, the Court AFFIRMS the Commissioner's decision.

Dated this 13th day of January, 2025.

Kymberly K. Evanson
United States District Judge

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 4